NEM:DJM
F. #2024R00530

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA                          **FILED UNDER SEAL**

    - against -                               COMPLAINT AND AFFIDAVIT
                                     IN SUPPORT OF APPLICATION
LYEMEL SUMMERVILLE,                               FOR AN ARREST WARRANT
       also known as "Omelly,"
                                       (18 U.S.C. § 922(g)(1) and 3551 et seq.)
                      Defendant.
                                       24-MJ-436

- - - - - - - - - - - - - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS:

        RYAN DAMORA, being duly sworn, deposes and states that he is a Detective

with the New York City Police Department, and a Task Force Officer with the Federal Bureau of

Investigation ("FBI"), duly appointed according to the law and acting as such.

        On or about June 20, 2024, within the Eastern District of New York and

elsewhere, the defendant LYEMEL SUMMERVILLE, also known as "Omelly," knowing that he

had been previously convicted in a court of a crime punishable by a term of imprisonment

exceeding one year, did knowingly and intentionally possess in and affecting interstate or foreign

commerce a firearm, to wit: a Kel-Tec .380 caliber semi-automatic pistol with serial number

JYB98.

        (Title 18, United States Code, Sections 922(g)(1) and 3551 et seq.)

The source of your deponent's information and the grounds for his belief are as follows:[1]

1.      I am a Detective with the New York City Police Department ("NYPD") and an FBI Task Force Officer.   I have been a member of the NYPD for 12 years and a Task Force Office for approximately four years.   I have been involved in the investigation of numerous cases involving the recovery of firearms and ammunition.   I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file, including the defendant's criminal history record; and from reports of other law enforcement officers involved in the investigation.   Where I describe the statements of others, I am doing so only in sum and substance and in part.

2.      On or about June 20, 2024, at approximately 12:15 a.m., NYPD officers entered a courtyard of the apartment complex located at in the vicinity of 403 Bristol Street, Brooklyn, New York 11212.   As the NYPD officers approached the courtyard, they observed a large group of individuals, including an individual later identified as the defendant LYEMEL SUMMERVILLE.   After the officers approached, SUMMERVILLE began to walk out of the courtyard towards Chester Street and crossed from the west side of Chester Street towards the east side of Chester Street.   The NYPD officers began watching SUMMERVILLE, at which point they observed SUMMERVILLE on the east side of Chester Street with his hands in the middle-front pocket of his tan sweatshirt.   SUMMERVILLE then took his hands out of the middle-front pocket of his tan sweatshirt and began to pull up his pants.   While

_____

[1]      Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

SUMMERVILLE was pulling up his pants, NYPD officers observed a portion of the firearm sticking out of the middle-front pocket of SUMMERVILLE's tan sweatshirt.

3.      The NYPD officers then observed SUMMERVILLE begin to run northbound on Chester Street towards Livonia Avenue.   While pursuing SUMMERVILLE, the officers saw SUMMERVILLE throw the firearm over a fence into a parking lot across from 406 Chester Street.   One of the NYPD officers immediately ran in the direction of where SUMMERVILLE threw the firearm and recovered it, which was later identified as a Kel-Tec .380 caliber semi-automatic pistol with serial number JYB98.

4.      Other NYPD officers continued to pursue SUMMERVILLE and placed him under arrest at the intersection of Chester Street and Livonia Avenue.

5.      I have reviewed SUMMERVILLE's criminal history.   On or about October 29, 2018, SUMMERVILLE was convicted, after a guilty plea, of Attempted Gang Assault in the First Degree, a Class C felony, in violation of New York Penal Law Section 120.07.   On or about December 18, 2018, he was sentenced to five years' imprisonment and five years of post-release supervision.

6.      I have conferred with a Nexus expert, a Special Agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives, who has informed me, in sum and substance and in part that the Kel-Tec .380 caliber semi-automatic pistol with serial number JYB98 recovered in this case was manufactured outside the State of New York.

WHEREFORE, your deponent respectfully requests that the defendant LYEMEL

SUMMERVILLE be dealt with according to law.

_____
Ryan Damora
Detective
New York City Police Department

Sworn to before me via telephone on this
___20___ day of June, 2024

*Vera M. Scanlon*
_____
THE HONORABLE VERA M. SCANLON
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK